# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DONALD KLINE Sr.,
LINDA KLINE, and
IRREONA BYRD,
On behalf of themselves and
All others similarly situated,

                Plaintiffs,

Vs.

FISHMAN GROUP PC,
RYAN FISHMAN, MARC FISHMAN,
ALEXANDRA ICHIM,
FENTON OAKS, LLC dba FENTON OAKS MHC,
And PROFESSIONAL PROPERTY MANAGEMENT
CO. OF MICHIGAN d/b/a PROFESSIONAL PROPERTY
MANAGEMENT INC.

                Defendants.

_____/

## CLASS ACTION COMPLAINT

### Nature of this Action

1. Donald Kline Sr., Linda Kline and Irreona Byrd ("Plaintiffs") bring this class
   action against Fishman Group PC, Ryan Fishman, Marc Fishman, Alexandra
   Ichim and Fenton Oaks LLC dba  Fenton Oaks, MHC (hereinafter "Fenton
   Oaks") and Professional Property Management Co. of Michigan d/b/a
   Professional Property Management Inc (hereinafter "PPM"). "Defendants"
   pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

1692 *et seq*., the Michigan Occupation Code ("MOC"), MCL 339.901 et seq; or alternative to the MOC, for violations under the Michigan Regulation of Collection Practices Act, ("MRCPA") MCL 445.251 et seq.,   Unjust Enrichment, Negligence, and Conversion, pursuant to common law.

2. Defendant Fishman Group PC is a law firm that, as a primary function, acts as a debt collector for various creditors.

3. Ryan Fishman, Marc Fishman, and Alexandra Ichim worked in this law firm as lawyers.

4. Fenton Oaks MHC hired the Fishman Group PC to collect debts.

5. Ryan Fishman, Marc Fishman, and Alexandra Ichim are currently charged with multiple felony counts related to forged process of service that they submitted to courts claiming to have served Plaintiffs, and others similarly situated,  with court documents designed to obtain payment of debt on behalf of their creditor/clients.

6. Upon information and belief, Fenton Oaks and PPM in fact did receive judgments and funds because of the fraudulent actions of the Fishman Group PC, as carried out by Ryan Fishman, Marc Fishman, and Alexandra Ichim.

## Background

7. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors."  15 U.S.C. 1692(e).

8. Congress did so in response to "the use of abusive, deceptive, and unfair debt collection practices by debt collectors."  15 U.S.C. 1692(e).

9. Congress did so in response to "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which contributes "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. 1692(a).

10. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." And that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management, LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

11. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

12. Plaintiffs seek to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

13. The Consumer Financial Protection Bureau ("CFPB") – the federal agency tasked with enforcing the FDCPA explained: "Harmful debt collection practices remain a significant concern today.  The CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

## Jurisdiction and Venue

14. Jurisdiction of this Court arises under 28 U.S.C. § 1331 for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  This Court may assert supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 arising out of the same nucleus of operative facts.

15. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692 et seq., the Michigan Regulation of Collection Practice Act, ("MCPA") MCL 445.251 et seq., and/or the Michigan Occupational Code ("MOC"), MCL 339.901 et seq.

16. Venue is proper in this Court under 28 U.S.C. 1391(b) as the acts and transactions giving rise to Plaintiffs' action transpired, at least in part, in this district and Defendants transact business in this district.

---

[1] See Brief for the CFPB as Amicus Curiae, Dkt. No. 14, p. 10, Hernandez v. Williams, Sinman & Parham, P.C., No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v. Williams-zinman-parham-p.c./140821 reifhernandez1.pdf

## Parties

17. Plaintiffs Donald Kline Sr., Linda Kline and Irreona Byrd are natural persons who at all relevant times resided in Genesee County, Michigan.

18. Plaintiffs are protected under the FDCPA from harassment, oppression, abuse, unfair and deceptive practices in connection with the collection of a debt.

19. Plaintiffs are "consumers" and "persons" as defined by 15 U.S.C. 1692(a)(3).

20. Plaintiffs are also "consumers", "debtors" and "persons" as the terms are defined and/or used in the MCPA and MOC.

21. Defendant Fishman Group PC is a Michigan professional corporation that maintains registered offices in Oakland County, Michigan with its registered agent Marc A Fishman's address at 800 W Long Lake Road Ste 170, Bloomfield Hills MI 48302-2058.

22. Defendant Fishman Group PC is an entity who was at all relevant times engaged in the business of attempting to collect from Plaintiffs "debts" as defined by 15 U.S.C. 1692a(5).

23. Defendant, Marc Fishman is believed to be a natural person who is a principal owner, shareholder and officer of Defendant Fishman Group PC and is operating from an address of 800 W Long Lake Road Ste 170, Bloomfield Hills MI 48302-2058 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

24. Defendant, Ryan Fishman is believed to be a natural person who is a principal owner, shareholder and officer of Defendant Fishman Group PC and is operating from an address of 800 W Long Lake Road Ste 170, Bloomfield Hills MI 48302-2058 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

25. Defendant, Alexandria Ichim is believed to be a natural person who is an employee of Defendant Fishman Group PC and is operating from the address of 800 W Long Lake Road Ste 170, Bloomfield Hills MI 48302-2058 as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. 1692a(6).

26. Defendants Fishman Group PC, Ryan Fishman, Marc Fishman, and Alexandria Ichim are "debt collectors" (hereinafter "Defendant Debt Collectors") as defined by 15 U.S.C. 1692a(6).

27. Defendant Debt Collectors use interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

28. Defendant Debt Collectors regularly collect or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

29. Defendant Debt Collectors are "regulated persons" as the term is defined and used in the MCPA, MCL 445.251(xi). Alternatively, Defendant Debt

Collectors are a "collection agency" and "licensee" as the terms are defined and used in MOC.

30. Defendant Debt Collectors regularly filed state court lawsuits seeking to collect a debt that is in default at the time of the filing of the lawsuit on behalf of its clients and therefore are debt collectors. See *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995).

31. In *Heintz v. Jenkins*, 514 U.S. at 299, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court made clear that the FDCPA applies to "attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." See also *Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 472 (7th Cir.2007).

32. In *Heintz*, 514 U.S. at 294, 115 S.Ct. 1489, 131 L.Ed.2d 395, the United States Supreme Court also held that the FDCPA "applies to the litigating activities of lawyers." Relying on that holding, federal "circuit courts have widely recognized that litigation-related conduct, including the filing of formal complaints, can give rise to claims under the Act." *Lipscomb v. The Raddatz Law Firm, P.L.L.C.*, 109 F.Supp.3d 251, 260 (D.D.C.2015).

33. During all times pertinent hereto, Defendant Debt Collectors directly and indirectly participated in the unlawful debt collection practices to collect an

alleged debt from Plaintiffs that are described in this complaint in violation of state and federal law.

34. Defendant Fenton Oaks is a Michigan Limited Liability Company and may be served through its registered agent, William M. Packer III, at 3770 Pine Lake Knoll Dr. Orchard Lake, MI 48324.

35. Defendant PPM is a Michigan corporation and may be served through its registered agent, George M. Nyman, at 115 W Brown Street Birmingham, MI 48009.

**Factual Allegations**

36. Plaintiffs are obligated, or allegedly obligated to pay debts now owed or due, or asserted to be owed or due to Defendant Creditors.

37. Plaintiffs' obligations, or alleged obligations, owed or due, or asserted to be owed or due to Defendant Fenton Oaks, arise from transactions in which the money, property, insurance, or services that are the subject of the transactions were incurred primarily for personal, family, or household purposes.

38. Defendant Fenton Oaks by and through Defendant Debt Collectors filed a collection lawsuit, case number C20E0913GC against Plaintiffs Donald Kline Sr. and Linda Kline in an effort to collect on a debt, in the 67th District Court, in Genesee County, Michigan.

39. The Defendant Collectors filed a collection lawsuit seeking a judgment against Plaintiff Donald Kline Sr. and Plaintiff Linda Kline on behalf of Defendant Fenton Oaks in the amount of $1,444.21.

40. On or about September 17, 2020, Defendant Collectors did create a Proof of Service – Certificate – Affidavit of Service – Summons on Case C20E0913GC and filed same with a court of law in Genesee County.

41. This document purported to be a proof of service as to a summons and complaint that was filed by Defendant Collectors against Plaintiff Donald Kline Sr.

42. The proof of service represented to the court that Plaintiff Donald Kline Sr. and Plaintiff Linda Kline had been served with the summons and complaint in the case, on a date, time and method certain, by a specific process server.

43. These representations were not true when made, and based upon information and belief, Defendant Collectors knew that they were not true when made.

44. The statements were made with the intent that the court rely on the statements as true.

45. The court indeed relied on the statements as true, and in reliance thereon did issue a default judgment against Donald Kline Sr. and Plaintiff Linda Kline in the amount of $1,634.21 upon the false representation of Defendant Collectors

that Donald Kline Sr. and Plaintiff Linda Kline had been served with the summons and complaint as required by law.

46. Thereafter, Defendant Collectors issued garnishments based upon the fraudulently obtained default judgment.

47. The garnishees withheld money due to Plaintiffs Donald Kline Sr. and Linda Kline after service and receipt of garnishments based on fraudulently obtained default judgments and forged proof of service of the summons and complaints.

48. These funds were withheld from Plaintiffs for the benefit of Defendant Fenton Oaks.

49. Defendant PPM by and through Defendant Debt Collectors filed a collection lawsuit, case number C20G2300GC against Plaintiff Irreona Byrd in an effort to collect on a debt, in the 67th District Court, in Genesee County, Michigan.

50. The Defendant Collectors filed a collection lawsuit seeking a judgment against Plaintiff Irreona Byrd on behalf of Defendant PPM in the amount of $2,095.00.

51. On or about July 19, 2020, Defendant Collectors did create a Proof of Service – Certificate – Affidavit of Service – Summons on Case C20G2300GC and filed same with a court of law in Genesee County.

52. This document purported to be a proof of service as to a summons and complaint that was filed by Defendant Collectors against Plaintiff Irreona Byrd.

53. The proof of service represented to the court that Plaintiff Irreona Byrd had been served with the summons and complaint in the case, on a date, time and method certain, by a specific process server.

54. These representations were not true when made, and based upon information and belief, Defendant Collectors knew that they were not true when made.

55. The statements were made with the intent that the court rely on the statements as true.

56. The court indeed relied on the statements as true, and in reliance thereon did issue a default judgment against Irreona Byrd in the amount of $2,275.00 upon the false representation of Defendant Collectors that Irreona Byrd had been served with the summons and complaint as required by law.

57. Thereafter, Defendant Collectors issued garnishments based upon the fraudulently obtained default judgment.

58. The garnishees withheld money due to Plaintiff Irreona Byrd after service and receipt of garnishments based on fraudulently obtained default judgments and forged proof of service of the summons and complaint.

59. These funds were withheld from Plaintiff for the benefit of Defendant PPM.

## Class Allegations

60. Plaintiffs bring this action under Fed. R. Civ. P. 23 and on behalf of themselves and others similarly situated.

61. Plaintiffs seek to represent a class defined as:

Class 1:      The first class consists of: "(a) All persons in Michigan, (b) against whom the Fishman Law Group PC, Ryan Fishman, Marc Fishman and/or Alexandria Ichim, or any person on their behalf, (c) filed false proofs of service alleging valid service of process of any Michigan state court document, (d) within the one year preceding the date of this complaint, (e) in connection with the collection of a consumer debt on behalf of any Defendant creditor."

Class 2:      The second class consists of: "(a) All persons in Michigan, (b) against whom the Fishman Law Group PC, Ryan Fishman, Marc Fishman and/or Alexandria Ichim, or any person on their behalf, (c) filed false proofs of service alleging valid service of process of any Michigan state court document, (d) within six years preceding the date of this complaint, (e) in connection with the collection of consumer debt on behalf of any Defendant creditor."

Class 3:      The third class consists of: "(a) All persons in Michigan, (b) against whom the Defendants Fenton Oaks and PPM retained the Fishman

Law Group PC, Ryan Fishman, Marc Fishman and/or Alexandria Ichim, or any person on their behalf, (c) to file collection lawsuits on their behalf (d) which contained false or forged litigation documents resulting in judgement, (e) which Defendants Fenton Oaks and PPM have failed to vacate (f) within six years preceding the date of this complaint, (g) in connection with the collection of consumer debt on behalf of any Defendant creditor."

Class 4:       The fourth class consists of: "(a) All persons in Michigan, (b) against whom the Defendants Fenton Oaks and PPM retained the Fishman Law Group PC, Ryan Fishman, Marc Fishman and/or Alexandria Ichim, or any person on their behalf, (c) to file collection lawsuits against (d) which contained false or forged litigation documents, (e) resulting in judgement (f) the execution upon which Defendants Fenton Oaks and PPM collected funds from class members  (f) which Defendants Fenton Oaks and PPM failed or refused to return to  (g) within one year preceding the date of this complaint, (h) in connection with the collection of consumer debt on behalf of any Defendant creditor."

62. The proposed class specifically excludes the United States of America, the State of Michigan, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Sixth Circuit, and the Justices of the United States Supreme Court, all officers and

agents of Defendants, and all persons related to within the third degree of consanguinity or affection to any of the foregoing individuals.

63. Upon information and good faith belief, the proposed class is so numerous that joinder of all members is impracticable.

64. The exact number of the members of the proposed class is unknown at this time but can be ascertained through appropriate discovery.

65. Upon information and good faith belief, the class is ascertainable in that the names and addresses of all members of the proposed class can be identified by Defendant's business records.

66. There exists a well-defined community of interest in questions of law and fact that affect all members of the proposed class.

67. These common questions of law and fact predominate over questions that may affect individual members of the proposed class.

68. These common questions of law and fact include, but are not limited to:

   a. Defendant Collectors identical conduct regarding cases involving all members of the proposed class;

   b. The extent of Defendant Creditors unjust enrichment as a result of Defendant Collectors identical conduct about all members of the proposed class;

c. The propriety of the presumption of illegitimacy as to all proofs of service executed by Defendant Collectors during the class period;

d. Whether Defendant Collectors are "debt collectors" as defined by the FDCPA;

e. The availability of injunctive relief regarding enforcement of judgments secured by Defendant Collectors during the class period;

f. The availability of injunctive relief regarding the return of funds from the Defendant Creditors to the Plaintiffs;

g. The availability of statutory penalties;

h. The availability of damages;

i. The availability of attorney's fees;

j. The availability of costs.

69. Plaintiffs' claims are typical of those of the members of the proposed class.

70. Plaintiffs' claims and the claims of the members of the proposed class, originate from the same conduct, practice, and procedure, on the part of the Defendants.

71. If brought and prosecuted individually, the claims of each member of the proposed class would require proof of the same material and substantive facts.

72. Plaintiffs possess the same interests and have suffered the same injuries as each member of the proposed class.

73. Plaintiffs assert identical claims, and seek the same relief, for both themselves and the members of the proposed class.

74. Plaintiffs will fairly and adequately protect the interest of the members of the proposed class.

75. Plaintiffs have no interest that directly and irrevocably conflicts with the interests of other members of the proposed class.

76. Plaintiffs are willing and prepared to serve this Court and the members of the proposed class.

77. Plaintiffs' interests are co-extensive with, and not directly antagonistic to, those of the members of the proposed class.

78. Plaintiffs have retained the services of counsel who are experienced in both consumer protection claims and complex class action litigation.

79. Plaintiff's' counsel will vigorously prosecute this action, and will assert, protect, and otherwise represent both Plaintiffs and all absent members of the proposed class.

80. The prosecution of separate actions by individual members of the proposed class may create a risk of inconsistent or varying adjudications with respect to individual members of the proposed class, which could establish incompatible standards of conduct for Defendants.

81. These incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the proposed class.

82. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendants have acted or refused to act on grounds generally applicable to the members of the proposed class, making final declaratory or injunctive relief appropriate.

83. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the proposed class predominate over any questions affecting only individual members of the proposed class.

84. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this  complaint in that:

   a. Individual claims by the members of the proposed class may be impracticable as the costs of pursuit could far exceed what any one member of the proposed class has at stake;

   b. Individual members of the proposed class are unlikely to have an interest in prosecuting and controlling separate individual actions; and

c.  The concentration of litigation of these claims in on forum will achieve

efficiency and promote judicial economy.

**Count I**
**Violations of the Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 et Seq.**

85. Plaintiffs incorporate the allegations contained in all of the paragraphs above.

86. In numerous instances, through the means previously described, in connection

with the collection of debts, Defendant Collectors, directly or indirectly, have

used false, deceptive, or misleading representations or means.

87. The foregoing acts and omissions of Defendant constitute violations of the

FDCPA including, but not limited to, each and every one of the below cited

provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

a.  § 1692d. Any conduct the natural consequence of which is to harass,
oppress, or abuse any person in violation of 15 U.S.C. § 1692d.

b.  § 1692e Any other false, deceptive, or misleading representation or
means in connection with the debt collection.

c.  § 1692e      Any other false, deceptive, or misleading representation or
means in connection with the debt collection.

d.  The threat to take action that cannot be legally taken in violation of 15
U.S.C. § 1692e(5).

e.  The utilization of false and deceptive means to collect or to attempt to
collect a debt in violation of 15 U.S.C. § 1692(e)(10).

    f.  Any other false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. § 1692(e).

    g.  Any unfair or unconscionable means to collect or attempt to collect the alleged debt in violation of § 1692f.

88. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

89. Plaintiffs and the putative class have suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA

### Count II – Violation of the Michigan Occupational Code
### as to Defendant Collectors

90. Plaintiffs incorporate the preceding paragraphs as if restated herein.

91. Defendant Collectors are a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), MCL 339.901(b).

92. Plaintiffs are debtors as that term is defined in MCL 339.901(f).

93. Defendant Collectors foregoing acts in attempting to collect the alleged debt violated:

    a.  MCL 339.915(d) by using forms that may otherwise induce the belief that they have judicial or official sanction;

    b.  MCL 339.915(e) by making inaccurate, misleading, untrue, or deceptive statements or claims in a communication to collect a debt;

    c.  MCL 339.915(d) by using forms that may otherwise induce the belief that they have judicial or official sanction; and

    d.  MCL 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

    e.  Plaintiffs and the putative class have suffered damages as a result of these violations of the Michigan Occupational Code.

    f.  These violations of the Michigan Occupational Code were willful.

## Count III – Violation of the Michigan Collection Practices Act by Defendant Collectors

94. Plaintiffs incorporate the preceding paragraphs as if restated herein.

95. Defendant Collectors are "Regulated Person's" as the term is defined I the Michigan Collection Practices Act ("MCPA"), MCL 445.251

96. Plaintiffs are "Consumers" as the term is defined by MCL 445.251.

97. Defendants foregoing acts in attempting to collect these debts violated the following provisions of the MCPA:

    a.  MCL 445.252(b) Using forms or instruments which simulate the appearance of judicial process;

    b.  MCL 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt.

    c.  MCL 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

98. Plaintiffs and the putative class have suffered damages as a result of these violations of the Michigan Occupational Code.

99. These violations of the Michigan Occupational Code were willful.

### Count IV – Unjust Enrichment as to Defendant Creditors

100.     Plaintiffs incorporate the preceding paragraphs as if restated herein.

101.     Defendant Creditors  received judgements against Plaintiffs and attachment to funds belonging to Plaintiffs, and funds belonging to Plaintiffs.

102.     An inequity has occurred where Defendant Creditors have been enriched by judgments, garnishments, attachments and funds that were secured in their favor by Collection Defendants by submitting fraudulent proofs of services to courts allowing for these judgments, garnishments, attachments and funds to be wrongfully taken from and against Plaintiffs and provided to Defendant Creditors.

103.     Resolution of the inequity requires Defendant Creditors to take steps to identify and set aside these judgments, garnishments, and attachments, and return all funds received by them during the class period as a result of Defendant Collectors actions to Plaintiffs and putative Plaintiffs.

### Count V – Negligence/Negligence Per Se as to All Defendants

104.     Plaintiffs incorporate the preceding paragraphs as if restated herein.

105.     All Defendants had a duty to refrain from obtaining and maintaining judgments, garnishments, attachments and funds through illegal activity, and had the duty of care as it relates to collection efforts on purported debt.

106.     All Defendants breached this duty by obtaining and maintaining judgments, garnishments, attachments and funds through illegal activity, and failing to exercise care as it relates to collection efforts on purported debt.

107.     Plaintiffs and putative class members were damaged by Defendants' breach of these duties.

108.     The breach of these duties is a proximate cause of said damages.

### Count VI – Conversion as to all Defendants

109.     Plaintiffs incorporate the preceding paragraphs as if restated herein.

110.     Both Collection Defendants and Creditor Defendants took Plaintiffs funds that they were not legally permitted to take.

111.     Both Collection Defendants and Creditor Defendants took Plaintiffs funds and used the funds for their own purposes.

112.     Plaintiffs did not give Defendant permission to take their funds, and Defendants did not have otherwise have any right to move or take the funds.

113.     Plaintiffs demanded the return of the funds.

114.     Defendants have impliedly refused to return the funds.

115.     Defendant's removal and use of the funds are wrongful and amount to common law conversion and conversion pursuant to MCL 600.2919a

116.     Defendants' conversion of the funds has harmed Plaintiffs and the putative class.

### Trial by Jury

Plaintiffs request a trial by jury.

WHEREFORE, Plaintiffs pray for relief and judgment as follows:

a.  Determining that this action is a proper class action under Fed. R. Civ. P. 23;

b.  Certifying Plaintiffs as class representatives;

c.  Appointing Plaintiffs' counsel as class counsel;

d.  Adjudging that Defendant Collectors violated 15 U.S.C. § 1692 et seq as afore pled;

e.  Awarding Plaintiffs, and members of the proposed class actual, statutory and treble damages;

f.  Awarding Plaintiffs, and members of the proposed class, injunctive and declaratory relief;

g.  Awarding Plaintiffs, and the members of the proposed class, reasonable attorneys' fees and costs incurred in this action;

h.  Awarding Plaintiffs equitable relief for the class pursuant to MCL 445.257 (alternatively MCL 339.901) in the form of an injunction prohibiting

Defendants from further filing falsified documents with courts and communicating with courts, process servers, creditors and debtors in a misleading or deceptive manner;

i. Awarding Plaintiffs, and members of the proposed class, any pre-judgment and post-judgment interest as may be allowed under the law; and

j. Award other and further relief as this Court may deem just and proper.

Respectfully submitted,

Date: May 27, 2021

*/s/Alyson Oliver*
Oliver Law Group PC
1647 W. Big Beaver Road
Troy, MI 48084
(248) 327-6556
notifications@oliverlawgroup.com

*/s/Rex Anderson*
Rex Anderson PC
9459 Lapeer Road #1011
Davison, MI 48423
(810) 653-3300
rex@rexandersonpc.net