UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KLINE, et al

    Plaintiffs,                           Case No. 4:21-cv-11272

v.

FISHMAN GROUP, P.C., et al.,       Honorable Nancy G. Edmunds

    Defendants.

_____

## MOTION TO STAY PROCEEDINGS BY THE FISHMAN DEFENDANTS

Defendants Marc Fishman, Ryan Fishman, and Fishman Group, P.C. (the "Fishman Defendants"), by and through counsel, Wade Fink Law, P.C., hereby move this Honorable Court for an order staying proceedings pending the outcome of a criminal matter involving the same parties and issues.

In support of this motion, Defendants rely upon the law, facts, and arguments set forth in the attached brief, as well as the pleadings on file with the Court.

Date: July 30, 2021                     Respectfully submitted,

                                                   WADE FINK LAW, P.C.

                                                   /s/ Wade G. Fink (P78751)
                                                 550 W. Merrill St., Suite 100
                                                 Birmingham, MI 48009
                                                 (248) 712 – 1054
                                                 wade@wadefinklaw.com
                                                 *Attorneys for Fishman Defendants*

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONALD KLINE, et al

    Plaintiffs,                                   Case No. 4:21-cv-11272

v.

FISHMAN GROUP, P.C., et al.,        Honorable Nancy G. Edmunds

    Defendants.

_____

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS

## **STATEMENT OF ISSUES PRESENTED**

Should this Court grant a stay of all proceedings pending the outcome of criminal proceedings against the Fishman Defendants and Defendant Ichim?

The Fishman Defendants answer, yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*FTC v. E.M.A. Nationwide, Inc.*,
     767 F.3d 611, 627-28 (6th Cir. 2014)……………………………………….6

*Hoffman v. United States*,
     241 U.S. 479, 486 (1951)……………………………………………………2

*United States v. Kordel*,
     397 U.S. 1, 8, 9 (1970)…………………………………………………....3

U.S. Const. Amend. V………………………………………………..…*passim*

## I.   RELEVANT FACTUAL BACKGROUND

Defendant Ryan Fishman has been charged with 30 counts of forgery and maintaining a criminal enterprise in the Genesee County Circuit Court in Flint, Michigan. Defendant Marc Fishman has been charged with only the latter charge. In April of this year, Defendant Fishman Group, P.C.'s offices were raided by law enforcement, along with Marc and Ryan Fishman's homes.[1] Plaintiffs are aware of the criminal matter. *See* ECF NO. 1, PageID.2.

This lawsuit arises out of Plaintiffs allegations that they were not served with a summons and complaint related to a certain debt owed to Co-Defendant Fenton Oaks. *Id.* at PageID.9. Plaintiffs defaulted in those debt cases, a judgment was entered, and Plaintiffs allege that certain funds were taken and/or withheld from them based on the judgment. *Id.* at PageID.10. Based on these allegations, Plaintiffs allege there are various classes of similarly situated persons.

Discovery has not begun in this matter. Certainly, the Fishman Defendants will be called upon to respond to discovery requests and testify at depositions. Such discovery will implicate the Fishman Defendants constitutional rights. Among

---

[1] *See, e.g.,* Case Docket from 67th District Court at http://www.co.genesee.mi.us/roawebinq/ROACase.aspx?CRTNO=6701&PFIX=D&CASE=21TB0854%20%20&PTY=D01&FILENAME=D072985454&RtnForm=aspnetForm

1

others, discovery would burden the Fishman Defendants Fifth Amendment rights against compelled testimony. In addition, the Fishman Defendants still do not have access to *all* of their electronics and paper documents, which is in the possession of law enforcement. Therefore, this Court should stay this case pending resolution of the criminal matter that is already pending.

## II.   ARGUMENT

The Fifth Amendment of the United States Constitution guarantees that "[n]o person ... shall be compelled in any criminal proceeding to be a witness against himself." U.S. Const. Amend. V. The Supreme Court has held that the privilege against self-incrimination is to "be accorded liberal construction in favor of the right it was intended to secure." *Hoffman v. United States*, 241 U.S. 479, 486 (1951). The Court has held that the privilege is applied to any information which would form any link which could be used to incriminate a witness. *Lefkowitz v. Turley*, 414 U.S. 70 (1973). The Michigan Constitution similarly guarantees that "No person shall be compelled in any criminal case to be a witness against himself." Mich. Const. Art. 1. Sec. 17.

Furthermore, Michigan law, which is called upon to be applied in this case, provides by statute that a witness is not required to give "any answer which will have a tendency to accuse himself of any crime or misdemeanor[.]" MCL § 600.2154.

2

The Michigan Supreme Court has also stated that the constitutional privilege against compelled self-incrimination should be liberally construed. *In re Schnitzer*, 295 Mich. 736, 741, 295 N.W. 478 (1940). The *Schnitzer* Court set forth the following standard by which the constitutionally protected standard is to be measured: there must be a tendency to incriminate and that tendency must be reasonable such that the witness has a reasonable basis to fear incrimination from the question posed. *Id*. 295 Mich. at 740.

Furthermore, federal courts have consistently held that the privilege against self-incrimination can be asserted in "*any proceeding*, be it criminal or civil, administrative or judicial, investigatory or adjudicatory." *In re Gault*, 387 U.S. 1, 47, 87 S. Ct. 1428, 1454, 18 L.Ed.2d 527 (1967) (quoting *Murphy v. Waterfront Comm of New York*, 378 U.S. 52, 94, 84 S. Ct. 1594, 1611, 12 L.Ed.2d 678 (1964) (White, J., concurring) ). (Emphasis in *Gault*).

More specifically, there is a legal framework to analyze whether to grant a stay in an instance like this one. In *United States v. Kordel*, 397 U.S. 1, 8, 9 (1970), the United States Supreme Court stated that where a defendant in a criminal case is also a litigant in a civil case arising out of the same facts, the trial court in the civil case should stay the proceeding pending the resolution of the criminal case in order to protect a defendant's Fifth Amendment privilege. In *Kordel*, the defendant

3

answered interrogatories in a civil suit being pursued by the Food and Drug Administration against the defendant's corporation. The defendant objected to the use of these answers in the subsequent criminal prosecution against him. The Supreme Court rejected the defendant's arguments holding that the defendant waived his claim by failing to assert his Fifth Amendment privilege to remain silent. The Supreme Court assumed, however, that where a defendant in a criminal case also faces a civil action based on the same conduct, it would be appropriate for the court in the civil action to issue a protective order until the criminal case is concluded:

> The respondents press upon us the situation where no one can answer the interrogatories addressed to the corporation without subjecting himself to a 'real and appreciable' risk of self-incrimination. For present purposes we may assume that in such a case the appropriate remedy would be a protective order under Rule 30(b), postponing civil discovery until termination of the criminal action.

See also *Wehling v. Columbia Broadcasting System*, 608 F.2d 1084, 1088-89 (5th Cir. 1979) (the district court erred by failing to stay a civil libel action pending the outcome of a related criminal investigation and potential prosecution or the running of the applicable statute of limitations after the plaintiff had validly claimed his fifth amendment privilege in response to the defendant's discovery requests and had sought a protective order staying the civil suit).

The appropriateness of stay in the instant case is even more compelling than in *Wehling*. In *Wehling*, the court ruled that a *plaintiff* in a civil action should not be

4

unfairly prejudiced for exercising his Fifth Amendment rights. Unlike the litigant in *Wehling*, Defendants did not voluntarily institute the litigation that they now seek to stay. Rather, they were thrust into this litigation as defendants.

Clearly, any question posed the individual Fishman Defendants in any discovery request will have a reasonable tendency to incriminate them in the pending criminal case since the instant action arises out of the same alleged facts and events that are the subject of the existing or potential criminal investigation. We know this to be true not just based on supposition, but Plaintiffs' complaint expressly mentions the criminal case. *See* ECF No. 1, PageID.2.

As threshold matter, the Fishman Defendants cannot comply with their discovery obligations as the result of the search and seizure. Undersigned counsel has assisted criminal counsel (Kimberly Stout and Mark Kriger) and can represent that state law enforcement possess substantial electronic and hard-copy files belonging to the Fishman Defendants and its clients. In addition to be unable to comply with their discovery obligations, the Fishman Defendants cannot adequately form or present their defenses to Plaintiffs' allegations and are at risk for discovery or even case-terminating sanctions.

Further to this threshold issue, Ryan and Marc Fishman cannot respond to any questions posed by Plaintiffs through discovery without risk of self-incrimination.

And, should Ryan and/or Marc Fishman exercise the privilege against compelled self-incrimination, neither would be able to vigorously assert defenses to Plaintiffs' claims and run the risk of an adverse inference at trial - or discovery sanctions, including entry of judgment against him. Doing so will likely prejudice the other Defendants, as well. To safeguard Ryan and Marc Fishman's constitutional right against compelled self-incrimination, and the risk of sanctions because Defendants cannot complete discovery, as well as allowing them to vigorously defend against Plaintiffs' allegations, this Court should stay these proceedings until the criminal investigation concludes.

This Court, as district courts generally do, should consider the following factors in determining whether it is appropriate to stay a civil case: 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to the plaintiff caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest. *FTC v. E.M.A. Nationwide, Inc.,* 767 F.3d 611, 627-28 (6th Cir. 2014) (internal citations omitted). The Court should also consider the extent to which the defendant's fifth amendment rights are implicated. *Id.*

The first factor weighs heavily in favor of staying this case. The allegations made by Plaintiffs against Defendants are directly related to the criminal charges. In fact, that is what brought this alleged conduct to light – the criminal case. The allegations are identical to those in the criminal case. "[T]he strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Auramet Int'l, LLC v. C.R. Metals*, No. 16-cv-11177, 2016 U.S. Dist. LEXIS 100607, at *10 (E.D. Mich. Aug. 2, 2016). This is the exact same matter. Plaintiffs themselves identify only news reports and the criminal cases as the bases for their allegations. *See, generally,* ECF No. 1 and ECF No. 22.

The second factor weighs in favor of staying this case. Discovery in this matter has not begun and will be complex. The Fishman Defendants *have* been charged and face substantial prison time under the guidelines.

The third factor weighs in favor of staying this case. Plaintiffs will not be prejudiced in any significant way if this case is stayed. The only potential prejudice is time, which is substantially less concerning in light of the risks and burdens on the Fishman Defendants. For starters, Plaintiffs would be a potential victim in the criminal case. Victims' rights are protected in criminal cases and the law attempts to

7

make victims whole. Further, because of the seizure, Plaintiffs cannot obtain the discovery responses they require to proceed with the case anyway. Plaintiffs are more likely to be prejudiced without a stay. Further, it is common for Michigan courts "presented with the civil suit [to] yield to the criminal matter." *Gebhardt v. O'Rourke*, 444 Mich. 535, 550, 510 N.W.2d 900, 907 (1994). Michigan courts have reasoned that allowing these cases to proceed separately eliminates the waste of judicial resources. *Id.* at 551. For example, issues raised and decided in the criminal proceeding that are relevant to the issues in the civil suit will have already been decided. *Id.* at 549. Eliminating the need to evaluate these issues during civil proceedings promotes judicial economy. Resolution of the criminal case may inure to Plaintiffs benefit. While it is understandable why Plaintiffs were troubled and brought suit, the amounts at issue (as to each individual) are not substantial and, in fact, are legitimate debts owed to creditors.

Further on this third factor, it has often been said that "States cannot force citizens to trade one constitutional right for another." *Preterm-Cleveland v. McCloud*, 994 F.3d 512, 551 (6th Cir. 2021). By not staying civil actions pending criminal proceedings, Defendants would be forced to do just that. Either Defendants yield their connotational rights, including the right against self-incrimination, or Defendants invoke their Fifth Amendment rights and are not able to defend

themselves against civil liability. Michigan courts have avoided these issues by protecting parties' Fifth Amendment rights by issuing stays during the pendency of criminal proceedings, *Massey*, 206 Mich. App. 698 at 736, and by encouraging defendants to seek stays in civil suits until criminal cases are resolved. *Gebhardt*, 444 Mich. 535 at 551. The Fishman Defendants very well may have a defense in this case, as the actions of another may be to blame for the alleged conduct.

The fourth factor weighs in favor of a stay. Even without a concurrent criminal case, this case will be extremely burdensome for Defendants. The volume of discovery is likely to be substantial, especially if there is joinder or a class. Discovery and the complexity of this case is so substantial that the Michigan Attorney General has asked for months simply to bring the case to a preliminary exam. Now, Defendants are exposed to discovery or other sanctions because it is impossible to complete discovery, and adverse inference instructions to a jury if Ryan and/or Marc Fishman invokes their Fifth Amendment rights.

The fifth factor weighs in favor of a stay. The Court's interest is best served by staying this case pending the outcome of any criminal proceeding. Defendants deny any criminal act or wrongdoing; however, if Ryan and/or Marc Fishman is found to have committed a crime, the issues in this case may be substantially narrowed depending on how the criminal matter proceeds. It does not serve judicial

economy for the parties to continue to litigate this case while the criminal proceeding is pending.

The sixth factor weighs in favor of staying this case. The public interest is always served by law enforcement, prosecutors, and the Courts pursuing criminal investigations to protect the public. The public interest may also be served by Plaintiffs' private cause of action against Defendants, but Plaintiffs do not lose the ability to pursue their cause, it is only a matter time for Plaintiffs.

All six factors weigh in favor of a stay here. First, the overlap between the cases is virtually complete. Second, the criminal case has been charged and is proceeding. Third, Plaintiffs' interests are protected as an alleged victim in the criminal case. Fourth, the burden on Defendants is obvious here, as their liberty is at stake, as is the well-being of their families. Fifth, the Court's interest is best served by staying this case pending the outcome of any criminal proceeding. It does not serve judicial economy for the parties to continue to litigate this case while the criminal proceeding is imminent or pending. Sixth, the public interest is always served by law enforcement pursuing criminal investigations to protect the public.

Defendants request that this Court protect their Fifth Amendment and other rights by issuing a stay of the civil action.

### III. CONCLUSION

For the foregoing reasons, Defendants request that this Court grant their motion in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: July 30, 2021 | WADE FINK LAW, P.C. |
|  | /s/ Wade G. Fink (P78751)<br>WADE FINK LAW PC<br>370 E. Maple Rd., Third Floor<br>Birmingham, MI 48009<br>(248) 712 – 1054<br>wade@wadefinklaw.com<br>*Attorneys for Defendant* |

### PROOF OF SERVICE

Undersigned counsel certifies that on July 30, 2021, the foregoing was filed using the Court's e-filing system, which will send notice and a copy of same to all parties of record.

/s/ Wade G. Fink