# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DONALD KLINE Sr.,
LINDA KLINE, and
IRREONA BYRD,
On behalf of themselves and
All others similarly situated,
                    Plaintiffs,


Vs.                                          Case No: 21-11272
                                             Hon. Nancy G. Edmunds

FISHMAN GROUP PC,
RYAN FISHMAN, MARC FISHMAN,
ALEXANDRA ICHIM,
PPM OAKS, LLC dba PPM OAKS MHC,
And PROFESSIONAL PROPERTY MANAGEMENT
CO. OF MICHIGAN d/b/a PROFESSIONAL PROPERTY
MANAGEMENT INC.

                    Defendants.
_____/

## PLANITIFFS' REPLY BRIEF IN OPPOSITION TO FISHMAN DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO CERTIFY CLASS

## INTRODUCTION

In their response to Plaintiffs' Motion to Certify Class, Defendants begin by relaying to the Court the hardships they have had to endure since the arrest of the Ryan Fishman, Marc Fishman and Alexandra Ichim. Respectfully, their illegal conduct created the injuries for themselves as well as Plaintiffs. For instance, Plaintiffs and many putative plaintiffs have suffered actual injury by having

improperly/illegally obtained default judgments entered against them which have the capability of negatively impacted their credit scores. In addition, Plaintiffs were each and every one deprived a basic tenet of justice - notice and an opportunity to be heard as to the alleged underlying debts they owed by a group of actors sworn by oath to do exactly the opposite.  Specifically, every attorney in Michigan must swear or affirm: "I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor and will never seek to mislead the judge or jury by any artifice or false statement of fact or law." Defendant's attempt to play the sympathy card is shameful in these circumstances.

In any event, Plaintiffs' have met all the requirements for class certification under the law and as result this Court should grant Plaintiff's motion to certify class.

## ARGUMENT

### I.    PLAINTIFFS HAVE PROPERLY DEFINED THE CLASSES.

Defendants correctly note a "properly defined class" is a class whose purported members "would have standing to bring suit in their own right." *Pilgrim v Universal Health Card, LLC,* No 09-cv-879 (N.D. OH Case 2:21-cv-11272-NGE-KGA ECF No. 32, PageID.381 Filed 07/28/21 Page 5 of 27 6  2010), aff'd, 660 F.3d 943 (6th Cir. 2011). More specifically, a class is not properly defined, and therefore is "overbroad," where it encompasses "members who have not suffered harm at the hands of Defendant and are not at risk to suffer such harm." *Id.* A "properly defined

class" is a class whose purported members have Article III standing to sue. *Pilgrim*, supra.

Yet, Defendants incorrectly claim that the individuals who would comprise the class as defined could not bring individual suits because not all of them have suffered an injury in fact. Defendants have missed the issue and focus on the wrong injury caused by Defendants. Regardless of the many potential plaintiffs suffering injury from the improper garnishments, it is the illegally obtained default judgments and/or claims of service of process through forged signatures leading to the deprivation of notice and an opportunity to be heard, that is ***the*** injury in fact which all individuals in the class have suffered.

The Supreme Court has held that to have standing, a Plaintiff must "have suffered. . . an invasion of a legally protected interest which is. . . concrete and particularized." *Lujan v Defenders of Wildlife¸* 504 U.S. 555, 560 (1992).

### A. The Injury-In-Fact Suffered by Plaintiffs was Concrete

Under the FDCPA, a plaintiff must have suffered an injury-in-fact from "abusive debt collection practices" as this was what "the FDCPA was designed to prevent." *Lyshe v Levy*, 854 F.3d 855, 859 (6th Cir. 2017). In *Lyshe,* the Sixth Circuit directly applied *Spokeo* to the FDCPA. The court held that a harm under the FDCPA must be a harm "the FDCPA was designed to prevent," involving misleading or fraudulent communication involving the rights of debtors. *Lyshe* at 859. Unfair FDCPA

practices contribute to a number of actual problems, such as personal bankruptcies, marital instabilities, the loss of jobs, and the invasion of individual privacies. 15 U.S.C. § 1692(a).

Here, the claims of service of process through forged signatures filed against plaintiffs were public records leading to the deprivation of notice and an opportunity to be heard. These filings have and/or may have resulted in default judgments, which may have very well led to, or will lead to in the future, bankruptcies, marital instabilities, loss of jobs, negatively impacted credit scores and the invasion of individual privacies for many Plaintiffs, but for now, all plaintiffs under the class have at least suffered the deprivation of notice and opportunity to be heard. A negative impact on a person's credit score can affect the interest rates a person can obtain from a financial institution. The difference in interest rate of what a Plaintiff would have qualified for save for Defendants illegal obtained default judgment, over a term of years, could amount to tens of thousands of dollars. Setting aside these fraudulent proofs of services and default judgments will cost time, energy and effort that Plaintiff's should not have to bear alone, where it's Defendant's across the board violation of the FDCPA that created this injury.  In addition, and most importantly, Plaintiffs conclusively and wrongfully have been deprived of their procedural due

process rights pursuant to MCR 2.104; MCR 2.105; and MCR 2.107[1]. So that, in addition to the statutory right that Plaintiffs would have to sue under the FCPA, plaintiffs have also suffered a concrete harm in the loss of their statutorily protected rights regarding due process and opportunity to be heard; and have or may suffer the other injuries described herein.

The issue isn't whether or not the debtors will be collected upon. The issue is the false proofs of services and wrongfully obtained default judgements that deprived Plaintiffs of their statutorily protected rights, inure to cause Plaintiff's to have to spend time, money, energy and effort to unwind the procedural errors in the underlying litigation, has caused garnishments, and has the potential to remain on Plaintiff's credit reports indefinitely, causing further financial difficulty.

**B. The Injury-In-Fact Suffered by Plaintiffs was Particularized**

By particularized, the injury "must affect plaintiff in a personal and individual way." *Spokeo, Inc. v Robins*, 136 S. Ct. 1540, 1548 (2016) (citing *Lujan* at 560 n. 1).

In this case, each plaintiff was deprived of notice and opportunity to be heard that is provided in the statutory provisions that require notice to be served - as it is

---

[1] These court rules provide for service sufficient for notice and opportunity to be heard. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to be heard. *Milliken v. Meyer*, 311 U.S. 457; *Grannis v. Ordean*, 234 U.S. 385; *Pries v. Board of Trustees of Town of Las Vegas*, 232 U.S. 604; Roller v. Holly, 176 U.S. 398." Quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

required in every pending lawsuit in this state.  Every individual Plaintiff was deprived of their right to notice and opportunity to be heard.  Most suffered the entry of default judgments against them because of this.  Many were garnished because of this.  Some may have suffered adverse credit reporting.  Although, the consequences of the injury and the degree of severity may vary amongst each respective class members, all of them have suffered the initial injuries which are unique and particular to each of them individually.

II.    <u>THE REQUIREMENTS OF RULE 23(A) HAVE BEEN SATISFIED.</u>

### A. The class is sufficiently numerous.

Thankfully, the standard of proof by which the State of Michigan can bring criminal charges against individuals is not "vague guesswork." In a criminal case, there must at least be probable cause to <u>charge</u> a defendant with a crime.  See *Fox v. DeSoto, 489 F.3d 227, 237 (6th Cir. 2007)* 'Probable cause is defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.' *Sykes v. Anderson*, 625 F.3d 294, 306 (6th Cir. 2010) See also " *United States v. McClain*, 444 F.3d 556, 562 (6th Cir.2005) (quoting United States v. Ferguson, 8 F.3d 385, 392 (6th Cir.1993) (en banc)).

In this criminal complaint, the State lists around 40 victims who are alleged to have had default judgments entered against them, which were secured by forged proofs of service by Defendants, inherently then based on the probable cause

standard. As discussed above each of these 40 some persons who had default judgments entered against them have suffered an injury in fact. Standing is found as to all Plaintiffs and putative plaintiffs against whom false proofs of service were filed, default judgments were improperly entered, garnishments issued and/or negative credit reporting occurred.

It is true that there is no numerical test to meet the numerosity requirement, however, with around 40 already identified individuals and estimates of potentially hundreds of victims, whom, again, all would have standing, the putative class is sufficiently numerous as per Rule 23(a).

## B. The commonality requirement is satisfied.

Plaintiffs have not adequately described how the commonality requirement is not met. Instead, Defendants have just cited the rule and case law applying the rule and then state that Plaintiffs have not established commonality.

To use the example included in Defendants' response, the putative class member in Atlanta who had a default judgment filed against him, suffered the same injury as the putative class member in Michigan, irrespective of the collection of the underlying debt or even the validity of the underlying debt.  This is because both putative class members were deprived of notice and opportunity to be heard, are subject to fraudulent default judgments, may be garnished thereon, credit scores may be negatively impacted as a result, and the burden of unwinding the errors in the

underlying proceedings rests at this point on their shoulders alone; all leading to long lasting detrimental effects for which in actuality Defendant's alone are responsible.

### C. The typicality requirement is satisfied.

Similarly, Defendants in their brief have also failed to grasp how the injury in fact of falsely claiming service of process and obtaining a default judgment is the relevant issue and how Plaintiffs' injuries are typical of all other putative class members. It doesn't matter whether class members have different debts, with different creditors, with different contracts or settlements, in different courts, with different proofs of service and different litigation outcomes for the typicality analysis. What matters is that fact that **_all_** Plaintiffs were deprived of their statutorily protected right of notice and opportunity to be heard, and the injuries flowing therefrom are typical amongst them.

### D. The representative parties will fairly and adequately represent the class.

Despite Defendant's claims, not one named Plaintiff has been reimbursed the funds garnished from them. As to Ms. Byrd, Defendants directly sent her a check that contained waiver and release language incorporated within the endorsement. See attached **Exhibit A**. This was done despite this case pending that clearly alleges damages above simply dollar for dollar restitution, and more egregiously despite Ms. Byrd's representation by counsel. Then when confronted, counsel for Defendants

claimed this was in conjunction with the Attorney General's office.  It was not.
**Exhibit B**.  The check has not and cannot be negotiated under the unfair terms under which it was presented.  She remains without her funds and with a default judgment on her record.

As to <u>Mr. Kline</u>, he was able to achieve the release of his garnished funds.  This was by way of by way of hiring counsel to address, having to file an objection to the garnishment in the underlying case, and by way of filing a motion to set aside the default judgment, which to date still is in place pending hearing.  Moving forward, short of Defendants stepping up to the plate and voluntarily unwinding the procedural errors they created by filing false proofs of service as to all Plaintiffs, all Plaintiffs will suffer the very same losses and Mr. Kline in having to bear the burden of correcting the record in each and every underlying case.  Whether or not putative plaintiffs are eventually issued checks that they cannot negotiate or checks that they do negotiate partially compensating their loss, are able to get garnishments returned or judgments set aside, have no bearing on the issues central to this case. The representative parties adequately represent the class because they have been defaulted by Defendants' wrongful actions without notice or an opportunity to be heard and are stuck in the same predicament of unwinding the procedural nightmares these Defendants created.

As to <u>Ms. Kline</u>, there are surely putative Plaintiffs who have not yet been garnished.  As discussed above, a lack of garnishment does not demonstrate a lack of actual injury.  All named Plaintiffs are representative of the putative class and can adequately represent them in this matter.

<u>THE REQUIREMENTS OF RULE 23(B) HAVE BEEN SATISFIED.</u>

Defendants wrote: "the Fishman Defendants would be harmed by a class because each individual debtor is going to have different facts and circumstances worthy of an individual defense. In some (or all) cases, service may have been proper and in other cases there may been little or no harm" Def. Resp to Am. Mot to Cert Class [Doc 32]. p. 23. Which is to say that, according to Defendants, in some cases a court may find that forging a proof of service and obtaining a wrongful default judgment would not render Defendants liable because "there may have been little or no harm" to Plaintiffs. While this is very interesting speculation, this concern is not applicable to the key determinants of this case. The concern of multiple or inconsistent adjudications is focused on the issue of whether Plaintiffs have suffered an injury in fact in regard to the filing of the false proofs of service and the causes of action arising therefrom. Different Courts may reach different conclusions as to that question.

The class as defined would not include any persons who were defaulted as per a legally filed non-forged proof of service, and so Defendant's argument is non-

sensical.  As Defendants admit, predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation," which requires "courts to give careful scrutiny to the relation between common and individual questions in a case." See *Amchem*, supra, at 623; see also *Tyson Foods, Inc. v. Bouaphakeo*, 577 U.S. 442 (2016). Essentially, the "predominance inquiry 'asks whether the common, aggregation-enabling, issues in the case are more prevalent or important than the non-common, aggregation-defeating, individual issues.'" *Id*. at 1045 (quoting Rubenstein, 2 Newberg on Class Actions, *supra*, § 4:49).

As discussed at length above, the common issue of whether Defendants filed false proof of service and whether the resulting deprivation of notice and opportunity to be heard, default judgments, garnishments, credit issues and bearing the burden of unwinding procedural errors caused by Defendants is an injury in fact, predominates over the individual claims of the debtors and their fact-specific circumstances. This Court can absolutely resolve liability as to the entire proposed class, ideally by a resolution that requires Defendants to take the necessary steps to correct the underlying records and that fully compensates Plaintiff's for their attendant and common losses.

III.    THE MOTION TO CERTIFY CLASS IS NOT PREMATURE.

The motion to certify class is not premature simply because the Defendants state that it is, or because it is perhaps inconvenient for Defendants. There is no court rule

preventing Plaintiffs from now moving the Court to certify class. In fact, FRCP 23 (c)(1)(A) provides that: at an *early* practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action. MCR 3.501(B)(1)(a) provides within 91 days after the filing of a complaint that includes class action allegations, the plaintiff must move for certification that the action may be maintained as a class action. The Complaint in this action was filed on May 27, 2021, which was 69 days ago from the time of this writing. Defendants have neither cited any court rule or case law that indicates how this Motion to Certify class is premature.

## CONCLUSION

For the reasons discussed more fully above, Plaintiffs requests that this Court grant its motion to certify class.

August 4, 2021

/s/Alyson Oliver
Alyson Oliver (P55020)
Christopher Brown (P83439)
OLIVER LAW GROUP P.C.
1647 W. Big Beaver Rd.
Troy, MI 48084
T: (248) 327-6556
E: notifications@oliverlawgroup.com
*COUNSEL FOR PLAINTIFFS*

Rex Anderson PC
9459 Lapeer Road #102
Davison, MI 48423
(810) 653-3300
rex@rexandersonpc.net

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 4, 2021 I electronically filed the foregoing document

with the Clerk of Court using the CM/ECF system which will send notification of such filing to

all parties that are CM/ECF participants in this action.

OLIVER LAW GROUP, P.C.

By:  _/s/ Alyson Oliver_
Alyson Oliver, MI State Bar # P55020
notifications@oliverlawgroup.com
1647 W. Big Beaver Rd.
Troy, MI 48084
T: (248) 327-6556

Exhibit A

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

Case 2:21-cv-11272-NGE-KGA ECF No. 41 PageID.486 Filed 08/04/21 Page 15 of 30

June 29, 2021 at 8:57:01 AM EDT

FAX RECEIVED | REMOTE ID | DURATION/PAGES | STATUS
58 | 1 | Received

06-29-'21 09:03 FROM- Oscar L Wright DDS          T-750 P0001/0001 F-317

ENDORSEMENT/DEPOSIT OF THIS
CHECK CONSTITUTES SETTLEMENT
IN FULL & RELEASE OF ANY &
ALL CLAIMS HELD BY PAYEE(S)

**FIEGER GROUP**

CLIENT TRUST ACCOUNT
800 W. LONG LAKE ROAD, SUITE 170
BLOOMFIELD HILLS, MI 48302-2056
FEDERAL I.D. 38-42073502
248-355-4600

COMERICA BANK

10222

06/07/2021

PAY TO THE
ORDER OF    Irreona Byrd                    $   288.00

TWO HUNDRED EIGHTY-EIGHT AND 00/100 DOLLARS        VOID AFTER 60 DAYS        DOLLARS

MEMO

Irreona Byrd
638 W Alma Ave
Flint, MI 48505

Reimbursement  Case #: C20G2300-GC Ourfile.7777

⑈0⑈0⑈2⑈2⑈2⑈:  ⑈:07⑈200000⑈96⑈:  ⑈85⑈283⑈71⑈9⑈

AUTHORIZED SIGNATURE

Detalle on Back.          Photo Safe Deposit®

ATTN: Thor Glen

Exhibit B

**From:**        Alyson Oliver
**To:**          Keelin Code
**Subject:**     FW: Fishman investigation/prosecution
**Date:**        Tuesday, August 3, 2021 8:59:45 AM
**Attachments:** image001.png
                 image002.png
                 image003.png
                 image004.png
                 image005.png

If I didn't send you this yesterday can you pls save to Fishman

---

**From:** Grano, Daniel (AG) <GranoD@michigan.gov>
**Sent:** Monday, August 2, 2021 2:54 PM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>; Rollstin, William (AG) <RollstinB@michigan.gov>
**Subject:** RE: Fishman investigation/prosecution

Alyson:

I am co-litigating this case with Bill. We have to investigate this more on our end. To bring you up to speed, we have no agreement for restitution right now nor any agreement that I am aware of for the Fishman's to be paying restitution. I think they are just trying to set themselves up for a better criminal resolution when the time comes. The AG is helping in the Flint litigation as we investigate the rest of the State so we are not in a position to deal with restitution yet. I couldn't even tell you today how many victims there are in the State. There were a few early bond agreements in the Flint case that I will review to be sure they don't somehow apply. Otherwise, I don't think we are a party to this conduct. This may have to be handled in the civil arena unless I uncover some order from really early on. We will keep you posted and please do likewise.

Truly,

Dan Grano

---

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Sent:** Monday, August 2, 2021 12:53 PM
**To:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Cc:** Grano, Daniel (AG) <GranoD@michigan.gov>
**Subject:** RE: Fishman investigation/prosecution

---

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

---

Hi William,

No worries; sorry to be bothering you during your down time! Are more checks to be mailed? If so, I would like them at the very least to not include the waiver/release language. Is there a way you could let me know how many have gone out like this and who to; and whether that completes

restitution to all known vics?

Best,
Alyson



### Alyson Oliver, Esq.
Attorney & Counselor

## 248.327.6556
248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**From:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Sent:** Monday, August 2, 2021 10:45 AM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Cc:** Grano, Daniel (AG) <GranoD@michigan.gov>
**Subject:** RE: Fishman investigation/prosecution

Hi Alyson:

I think I understand the issue.  Thank you.

Please tell me what you are requesting from my end.  Apologies for the email back and forth.  I have poor cell service where I am located.

Best,

William A. Rollstin
First Assistant
Michigan Department of the Attorney General
3030 West Grand Blvd., Suite 10-350
Detroit, Michigan 48202
(313) 456-0184

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Sent:** Monday, August 2, 2021 9:38 AM
**To:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Cc:** Grano, Daniel (AG) <GranoD@michigan.gov>
**Subject:** RE: Fishman investigation/prosecution

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Sure.  First, my plaintiffs and the putative class are represented by counsel.  It's a waiver of their rights in a pending lawsuit, sent directly to them by the Defendants in violation of MRPC.  Second, the FDCPA provides for damages outside of restitution, so simply making restitution to a person with an FDCPA claim does not make them whole, although my putative class in large part probably doesn't know this and their rights are therefore being reduced without the benefit of counsel.  Third, it is being used as a way to evade class liability on the civil case where the claim is now being made that anyone who cashes this check is different from the other class members, so the element of commonality under Rule 23 is challenged by it.

Best,
Alyson



Alyson Oliver, Esq.

Attorney & Counselor

248.327.6556

248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the

intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

---

**From:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Sent:** Monday, August 2, 2021 9:30 AM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Cc:** Grano, Daniel (AG) <GranoD@michigan.gov>
**Subject:** RE: Fishman investigation/prosecution

Hello:

I saw that language.  Please tell me what issue this creates from your perspective.

Best,

William A. Rollstin
First Assistant
Michigan Department of the Attorney General
3030 West Grand Blvd., Suite 10-350
Detroit, Michigan 48202
(313) 456-0184

---

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Sent:** Monday, August 2, 2021 9:28 AM
**To:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Cc:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Subject:** RE: Fishman investigation/prosecution

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Morning,

Thanks for the response.  It says:  ""Endorsement/deposit of this check constitutes settlement in full & release of any & all claims held by payee(s)"; see attached.

Best,

Alyson



**Alyson Oliver, Esq.**
Attorney & Counselor

**248.327.6556**
248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084

**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED · DEDICATED · TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**From:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Sent:** Monday, August 2, 2021 9:21 AM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Subject:** RE: Fishman investigation/prosecution

Good Morning:

I am in Northern Michigan with family this week.  Can you please give me some insight as to the issue with the endorsement?

Best,

William A. Rollstin
First Assistant
Michigan Department of the Attorney General
3030 West Grand Blvd., Suite 10-350
Detroit, Michigan 48202
(313) 456-0184

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Sent:** Monday, August 2, 2021 9:15 AM
**To:** Rollstin, William (AG) <RollstinB@michigan.gov>
**Cc:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Subject:** RE: Fishman investigation/prosecution

**CAUTION: This is an External email. Please send suspicious emails to abuse@michigan.gov**

Following up on the below?

Best,
Alyson



Alyson Oliver, Esq.

Attorney & Counselor

248.327.6556

248.436.3385 fax

**Michigan Headquarters**

1647 W. Big Beaver Rd.
Troy, Michigan 48084

**Texas Office**

8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Sent:** Monday, July 26, 2021 9:45 AM
**To:** William Rollstin (rollstinb@michigan.gov) <rollstinb@michigan.gov>
**Cc:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Subject:** Fishman investigation/prosecution

Hi William,

I left you a vm but thought would follow up with you in email.  I filed the class case against the Fishman's that is currently pending in MIED, and received your name from Patrick Bagley who is representing Andrea Ichim in our case.  Fishman Group sent out the attached check with waiver/release language on the back to at least one of my clients.  Their counsel is claiming that this was done in cooperation or at the behest of your office.  I need to confirm if this is the case; and discuss the problematic nature of this waiver/release language to the extent this process is continuing.  Please give me a call when you can.

Best,
Alyson



Alyson Oliver, Esq.

Attorney & Counselor

248.327.6556

248.436.3385 fax

**Michigan Headquarters**

1647 W. Big Beaver Rd.
Troy, Michigan 48084

**Texas Office**

8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

| | |
|---|---|
| **From:** | Wade Fink |
| **To:** | Alyson Oliver |
| **Cc:** | rex@rexandersonpc.net |
| **Subject:** | Re: Fishman |
| **Date:** | Tuesday, June 29, 2021 1:59:48 PM |
| **Attachments:** | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | image008.png |
| | image009.png |
| | image010.png |
| | image011.png |
| | image012.png |
| | image013.png |
| | image014.png |
| | image015.png |
| | image016.png |
| | image017.png |
| | image018.png |
| | image019.png |
| | image020.png |
| | image021.png |
| | image022.png |
| | image023.png |
| | image024.png |
| | image025.png |

The main prosecuting attorney has been Genesee County, though

Wade G. Fink
Attorney at Law
wade@wadefinklaw.com



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

**From:** Wade Fink <wade@wadefinklaw.com>

**Date:** Tuesday, June 29, 2021 at 1:59 PM

**To:** Alyson Oliver <aoliver@oliverlawgroup.com>

**Cc:** "rex@rexandersonpc.net" <rex@rexandersonpc.net>

**Subject:** Re: Fishman

Thank you, Alyson.

I will ask the lead attorneys on his criminal case who they are mainly dealing with

Wade G. Fink
Attorney at Law
wade@wadefinklaw.com



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

---

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Date:** Tuesday, June 29, 2021 at 1:16 PM
**To:** Wade Fink <wade@wadefinklaw.com>
**Cc:** "rex@rexandersonpc.net" <rex@rexandersonpc.net>
**Subject:** RE: Fishman

With this addition, you can sign for me.  Pls let me know which AG, and thanks.

Best,
Alyson



Alyson Oliver, Esq.
Attorney & Counselor
248.327.6556
248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**From:** Wade Fink <wade@wadefinklaw.com>
**Sent:** Tuesday, June 29, 2021 1:08 PM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Cc:** rex@rexandersonpc.net
**Subject:** Re: Fishman

Added. Good to go?

Wade G. Fink
Attorney at Law
wade@wadefinklaw.com



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Date:** Tuesday, June 29, 2021 at 1:00 PM
**To:** Wade Fink <wade@wadefinklaw.com>
**Cc:** "rex@rexandersonpc.net" <rex@rexandersonpc.net>
**Subject:** RE: Fishman

Wade –

You are missing the proof of service language we agreed to.


Best,
Alyson




**Alyson Oliver, Esq.**
Attorney & Counselor

**248.327.6556**
248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.


---

**From:** Wade Fink <wade@wadefinklaw.com>
**Sent:** Tuesday, June 29, 2021 12:20 PM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Cc:** rex@rexandersonpc.net
**Subject:** Re: Fishman

Could you please give me permission to file this stipulation first. Thanks.

Wade G. Fink
Attorney at Law
wade@wadefinklaw.com



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

---

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Date:** Tuesday, June 29, 2021 at 12:15 PM
**To:** Wade Fink <wade@wadefinklaw.com>
**Cc:** "rex@rexandersonpc.net" <rex@rexandersonpc.net>
**Subject:** RE: Fishman

Hi Wade,

Thanks for the response.  What AG?


Best,
Alyson




Alyson Oliver, Esq.

Attorney & Counselor

248.327.6556

248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone

other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.

**From:** Wade Fink <wade@wadefinklaw.com>
**Sent:** Tuesday, June 29, 2021 12:00 PM
**To:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Cc:** rex@rexandersonpc.net
**Subject:** Re: Fishman

Good morning, Alyson,

Two items:

1. Please confirm that I may submit the attached stipulation with your signature
2. With regard to your e-mail below, it is my understanding that a check was issued from funds held in escrow under the oversight of the Michigan Attorney General's Office and done so prior to notice of this matter. Now that my client is aware your client is represented, there is no intention to communicate directly.

Thanks!

Wade G. Fink
Attorney at Law
wade@wadefinklaw.com



The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

**From:** Alyson Oliver <aoliver@oliverlawgroup.com>
**Date:** Tuesday, June 29, 2021 at 9:09 AM

**To:** Wade Fink <wade@wadefinklaw.com>
**Cc:** "rex@rexandersonpc.net" <rex@rexandersonpc.net>, Alyson Oliver <aoliver@oliverlawgroup.com>
**Subject:** Fishman

Hi Wade,

I received a call today from our client, Ms. Byrd who received direct communication from your clients (Fishman's) with a check.  In as much as you know I represent Plaintiff's in this case; please refrain from having communication or allowing/instructing your client's to directly contact mine.  Please direct any/all communication regarding or intended for my clients to me.  Thanks!

Best,
Alyson



Alyson Oliver, Esq.
Attorney & Counselor

248.327.6556
248.436.3385 fax

**Michigan Headquarters**
1647 W. Big Beaver Rd.
Troy, Michigan 48084
**Texas Office**
8951 Cypress Waters Blvd.
Suite 160
Dallas, Texas 75019

EXPERIENCED • DEDICATED • TRUSTED

**\*\*Office hours are Monday through Thursday, 8:00 a.m. to 6:00 p.m (Eastern); we are closed on Friday.**

Notice: This communication, including attachments, may contain information that is confidential and protected by the attorney/client or other privileges. It constitutes non-public information intended to be conveyed only to the designated recipient(s). If the reader or recipient of this communication is not the intended recipient, an employee or agent of the intended recipient who is responsible for delivering it to the intended recipient, or you believe that you have received this communication in error, please notify the sender immediately by return e-mail and promptly delete this e-mail, including attachments without reading or saving them in any manner. The unauthorized use, dissemination, distribution, or reproduction of this e-mail including attachments, is prohibited and may be unlawful. Receipt by anyone other than the intended recipient(s) is not a waiver of any attorney/client or other privilege. This e-mail and all other electronic (including voice) communications from the sender's firm are for informational purposes only. No such communication is intended by the sender to constitute either an electronic record or an electronic signature, or to constitute any agreement by the sender to conduct a transaction by electronic means. Any such intention or agreement is hereby expressly disclaimed unless otherwise specifically indicated.