UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD KLINE, LINDA KLINE, and
IRREONA BYRD, individually and on
behalf of similarly situated persons,

                Plaintiffs,                Case No. 21-11272

v.                                              Honorable Nancy G. Edmunds

FISHMAN GROUP PC, *et al.*,

                Defendants.

_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS [37] AND DENYING AS MOOT PLAINTIFFS' AMENDED MOTION
FOR CLASS CERTIFICATION [22], DEFENDANTS' MOTION TO STAY [38],
AND PLAINTIFFS' MOTION TO LIMIT COMMUNICATION [49]**

This is a class action lawsuit filed by Plaintiffs Donald Kline, Linda Kline, and Irreona Byrd under the Fair Debt Collection Practices Act ("FDCPA"). (ECF No. 1.) Plaintiffs also bring a number of state law claims. Pending before the Court are: Plaintiffs' amended motion for class certification (ECF No. 22), Defendants' motion to dismiss (ECF No. 37), Defendants' motion to stay proceedings (ECF No. 38), and Plaintiffs' motion for an order limiting Defendants' communication with members of the putative class and for a curative notice (ECF No. 49).[1] These motions are fully briefed. Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motions will be decided on the briefs and

---

[1] Two of the original defendants in this action—Fenton Oaks, LLC, and Professional Property Management Inc.—were voluntarily dismissed by Plaintiffs. (ECF Nos. 44, 45.) Three of the four remaining defendants—Marc A. Fishman, Ryan J. Fishman, and Fishman Group PC ("Defendants")—have brought the motion to dismiss and the motion to stay that are now before the Court. The fourth remaining defendant, Alexandra Ichim, is not a party to these motions and has not appeared in this case.

1

without oral argument.  For the reasons set forth below, the Court GRANTS Defendants' motion to dismiss and DENIES AS MOOT Plaintiffs' amended motion for class certification, Defendants' motion to stay, and Plaintiffs' motion to limit communication.

I.    **Background**

Defendant Fishman Group PC is a law firm that acts as a debt collector for various creditors.  Defendants Ryan Fishman, Marc Fishman, and Alexandra Ichim are attorneys at the firm.  Plaintiffs note in their complaint that the individual defendants are currently charged with multiple felony counts in state court related to forged proofs of service in which they claimed to have served Plaintiffs, and other similarly situated individuals, with court documents initiating collection actions on behalf of their clients.  Plaintiffs' complaint includes allegations regarding two collection cases.

The first case was filed in the 67th District Court in Genesee County by Defendants on behalf of co-Defendant Fenton Oaks and sought a judgment in the amount of $1,444.21 against Plaintiffs Donald and Linda Kline.  Defendants filed a proof of service falsely stating that both plaintiffs had been served.  A default judgment was eventually entered in the amount of $1,634.21.  Plaintiffs assert that Defendants later issued garnishments based upon the fraudulently obtained default judgment and "[t]he garnishees withheld money" due to Plaintiffs Donald and Linda Kline for the benefit of Fenton Oaks.

The second case was filed in the same court by Defendants on behalf of co-Defendant Professional Property Management, Inc. ("PPM") and sought a judgment in the amount of $2,095.00 against Plaintiff Byrd.  Plaintiffs allege that Defendants filed a proof of service falsely stating Plaintiff Byrd had been served, and based upon that

2

misrepresentation, a default judgment was entered in the amount of $2,275.00. According to Plaintiffs' complaint, garnishments were later issued and "[t]he garnishees withheld money" due to Plaintiff Byrd for the benefit of PPM.

Plaintiffs now bring claims under the FDCPA, the Michigan Occupational Code ("MOC"), and the Michigan Collection Practices Act as well as for unjust enrichment, negligence, and conversion on behalf of themselves and others similarly situated.

## II.     Defendants' Motion to Dismiss

Defendants seek dismissal of this action in its entirety. (ECF Nos. 37, 48, 55.) Plaintiffs oppose the motion. (ECF No. 47.)

### A.     FDCPA Claim

Defendants argue Plaintiffs lack Article III standing to bring their FDCPA claim. Plaintiffs ask the Court to find they have standing or, alternatively, to permit them to amend their complaint.

#### 1.     Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction, including challenges to a plaintiff's standing. *See Am. Biocare Inc. v. Howard & Howard Attys. PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017). Motions under Rule 12(b)(1) "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* On the other hand, a factual attack is "a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness

3

applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Defendants here present a facial attack.

To have Article III standing to sue in federal court, "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted). Plaintiffs, as the parties invoking federal jurisdiction, bear the burden of "clearly alleg[ing] facts demonstrating each element" of standing. *See id.*

The injury-in-fact requirement includes two sub-elements: the injury must be (1) particularized and (2) concrete. *Id.* at 339. The Supreme Court has rejected the notion that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *See id.* at 341. Instead, "courts should assess whether the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (quoting *Spokeo*, 578 U.S. at 341). In addition to tangible harms such as physical harms or monetary harms, this includes intangible harms such as "reputational harms, disclosure of private information, and intrusion upon seclusion." *Id.* at 2204. But the Supreme Court has recently held that "the mere risk of future harm, standing alone, cannot qualify as a concrete harm." *Id.* at 2210-11. Rather, the plaintiffs must demonstrate that "the risk of future harm materialized" or that the plaintiffs "were independently harmed by their exposure to the risk itself." *Id.* at 2211. Thus, in *Ramirez*,

4

the Supreme Court found that a group of class members who had misleading reports disseminated to third parties suffered concrete harm, while a second group of class members who had misleading reports that were not disseminated did not suffer concrete harm. *Id.* at 2208-11.

### 2. Analysis

Defendants argue Plaintiffs do not have standing because they have not suffered an injury as a result of the alleged wrongful conduct. Plaintiffs respond by arguing they have sustained damages in the form of reputational harm, deprivation of due process, and monetary loss.

Plaintiffs first assert Defendants conveyed false information regarding their private financial information to third parties that was harmful to their reputations. But while Plaintiffs' complaint makes a general reference to "emotional" and "general" damages, it does not include any allegations regarding harm to their reputations or emotional distress. And the fact that the default judgments are a matter of public record does not make this case akin to *Ramirez*. There, the Supreme Court found the class members whose reports were provided to third parties suffered a harm with a close relationship to "the reputational harm associated with the tort of defamation" because the reports contained alerts that labeled them as potential terrorists, drug traffickers, or serious criminals, *Ramirez*, 141 S. Ct. at 2208-09, but here Plaintiffs do not allege that the underlying debts are not owed or otherwise explain how the default judgments are defamatory or harmful to their reputations.

Plaintiffs also argue that they were deprived of their right to notice and the opportunity to be heard as a result of the fraudulent proofs of service and were therefore

5

unable to dispute and challenge the underlying collection actions. But there are no allegations in this regard in their complaint. And state court records show the Kline Plaintiffs have set aside the default judgments entered against them and Plaintiff Byrd does not assert she is unable to do so. Thus, at best, this is a risk of harm argument that is insufficient to establish concrete harm under *Ramirez*.

Finally, Plaintiffs argue they incurred monetary loss as a result of the illegal judgments entered against them. The only allegation in the complaint in this regard is that "garnishees withheld money" from Plaintiffs as a result of the fraudulently obtained default judgments. (ECF No. 1, PageID.10-11.) These general allegations are insufficient, however, to meet Plaintiffs' burden of *clearly* alleging facts demonstrating concrete harm. In fact, state court records show that only one garnishment was filed with regard to Plaintiff Linda Kline and the garnishee-bank indicated that it "does not possess or control [her] property, money, etc." because there was "no account." (ECF No. 37-1, PageID.450.) Thus, no money was withheld from Plaintiff Linda Kline. With regard to Plaintiff Donald Kline, court records show that he objected to any garnishment filed in the state collection action.[2] No one contested the objection, and it was closed by the court, "releas[ing] liability." Thus, *if* any funds were withheld at that point, they were released. And Plaintiffs do not dispute Defendants' assertion that the $288.00 garnished from Plaintiff Byrd was returned to her prior to the initiation of this lawsuit.

---

[2] Plaintiffs state in their response that the Kline Plaintiffs retained counsel to set aside the default judgments entered against them, but this was not alleged in the complaint. And courts have rejected the argument that the cost of hiring an attorney to defend a state collection action is sufficient to satisfy the injury-in-fact requirement. *See, e.g., Endres v. UHG I LLC*, No. 20-cv-644-wmc, 2022 U.S. Dist. LEXIS 26730, at *16-17 (W.D. Wis. Feb. 15, 2022).

In sum, Plaintiffs have not met their burden of establishing they suffered an injury-in-fact as a result of the alleged FDCPA violations. Plaintiffs therefore do not have Article III standing to bring their claim as pled here, and subject matter jurisdiction is lacking. *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018). Accordingly, Plaintiffs' FDCPA claim is dismissed without prejudice. *See id.*

### 3. Plaintiffs' Request for Leave to Amend

Plaintiffs request an opportunity to amend their complaint if the Court finds their allegations insufficient to demonstrate standing. Plaintiffs state an amended complaint would add allegations regarding the monetary, reputational, and emotional distress damages they allegedly experienced as well as plead the common law analogues discussed in their response. But Plaintiffs have not filed a motion to amend. *See Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014) ("A request for leave to amend almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend.") (internal quotation marks and citation omitted). Nor did Plaintiffs attach a copy of a proposed amended complaint to their response. *See id.* Thus, Plaintiff's alternate request for leave to amend is denied.

### B. State Law Claims

Defendants urge the Court to dismiss Plaintiffs' state law claims.[3] Plaintiffs state they do not oppose dismissal of these claims if the Court dismisses their FDCPA claim and does not give them an opportunity to amend their complaint.

---

[3] Defendants argue the Court should dismiss Plaintiffs' MOC claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because the MOC does not apply to attorneys collecting a debt on behalf of a client and should decline to exercise supplemental jurisdiction over the remaining state claims.

7

A district court generally has the discretion to retain or dismiss claims over which it has supplemental jurisdiction if it dismisses the claims within its original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). But if the Court dismisses the claims over which it has original jurisdiction for lack of subject matter jurisdiction, it must dismiss the remaining claims. *Ward v. Alternative Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001) (citing *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996)). As noted above, the Court is dismissing Plaintiffs' federal claim for lack of subject matter jurisdiction. Thus, Plaintiffs' state law claims are also dismissed without prejudice.[4]

## III. Remaining Pending Motions

In light of the dismissal of this case, the Court finds the remaining pending motions—Plaintiffs' amended motion for class certification, Defendants' motion to stay, and Plaintiffs' motion to limit communication with members of the class—moot.

## IV. Conclusion

Plaintiffs have not established that they have Article III standing to bring their FDCPA claim, so this Court lacks subject matter jurisdiction over this case. Accordingly, Defendants' motion to dismiss (ECF No. 37) is GRANTED, and this case is dismissed without prejudice.[5] Plaintiffs' amended motion for class certification (ECF No. 22), Defendants' motion to stay (ECF No. 38), and Plaintiffs' motion to limit communication with members of the class (ECF No. 49) are therefore DENIED AS MOOT.

---

[4] While Plaintiffs concede the MOC does not apply to attorneys, the Court does not reach this claim on the merits in light of its finding that it lacks subject matter jurisdiction over this case.

[5] Even though Defendant Ichim did not move to dismiss, because she is in a position similar to that of the moving defendants, the Court dismisses Plaintiffs' claims against her as well. *See Varner v. Smith,* No. 13-15070, 2014 U.S. Dist. LEXIS 183234, at *30 (E.D. Mich. Dec. 23, 2014).

SO ORDERED.

                                              <u>s/Nancy G. Edmunds</u>
                                              Nancy G. Edmunds
                                              United States District Judge

Dated: February 28, 2022


I hereby certify that a copy of the foregoing document was served upon counsel of record on February 28, 2022, by electronic and/or ordinary mail.

                                              <u>s/Lisa Bartlett</u>
                                              Case Manager